UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| LARRY P. RAYMER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-177-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JEFF GRONDOLSKY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Larry P. Raymer, who is confined in the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Raymer has also paid the $5.00 filing fee. This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

CLAIMS

The Petitioner alleges that his 1998 federal sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution. He also asks this Court to expunge his

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

criminal record of two Ohio convictions for robbery which date back to 1980 and 1988, respectively.

## ALLEGATIONS OF THE PETITION

### 1. Challenge to Old State Court Convictions

The Petitioner asserts two claims. First, he challenges his federal sentence handed down in the United States District Court for the Southern District of Indiana, (Case No. 98-04-CR-01) ("the Trial Court"). The Petitioner received a 180-month sentence in the Trial Court for being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g).[2] The Petitioner argues that the trial court erroneously concluded that he was an "armed career criminal offender" within the meaning of the ACCA. He contends that, under Ohio law, he should not have been convicted of being a felon in possession of a firearm. His arguments are not well articulated, but it appears from a broad reading of the petition that he is arguing that two of his older state court criminal convictions were rendered in error.

Raymer claims that the trial court should not have considered his 1988 conviction in Indiana for Burglary (Class C felony) because the state court violated his due process rights during that proceeding.[3] He explains that, although the Indiana appellate courts ruled (as a result of post- conviction proceedings), he was entitled to a hearing on his claims, the court in

---

[2]   The Petitioner was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e). His conviction and sentence were affirmed on appeal. The trial court denied his motion to vacate and a petition for habeas corpus relief.

[3]   Specifically, Raymer claims that the Indiana state court violated his Fifth Amendment right against self-incrimination; his Sixth Amendment right to trial by jury; and his Sixth Amendment right to confront his accusers.

which he had been convicted had failed to maintain the relevant court records over the years, in violation of Indiana law.  Raymer argues that "without a record, [his] due process rights for appellate purposes are destroyed." [Petition, memorandum, p. 4]  He further extrapolates that "Raymer Indiana case should be expunged and ruled unconstitutional as for the Armed Career Criminal Act.  No court should use a conviction that does not have any transcripts." [*Id.*, p. 7]

Second, Raymer asserts that the trial court should not have considered his Ohio robbery conviction rendered in April 1980, for purposes of application of the ACCA.  His first challenge on this issue is that he was dependent on drugs at the time he was convicted; that he does not recall that a jury trial transpired; and that he suffered from mental problems at that time.  Accordingly, he contends that the 1980 conviction was unconstitutional and invalid.  His second challenge on this issue is that, in 2002, he learned that the state of Ohio had restored his civil rights to him back in 1986.  He contends that because his civil rights were restored in 1986, he could not have been a "career criminal" when the trial court sentenced him in 1998.  He asks this Court to expunge his 1980 Ohio robbery conviction from his record.

### 2.  Claims under *Apprendi*, *Blakely* and *Booker*

Next, Raymer asserts that under prevailing case law, his sentence was unconstitutionally enhanced.  Petitioner cites (among other cases) three Supreme Court decisions in support of his argument that his sentence was unconstitutionally enhanced in violation of the Fifth Amendment: (1) *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000); (2) *Blakely v. Washington*, 524 U.S. 596, 124 S. Ct. 2531 (2004); and (3) *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 749 (2005).

NAMED RESPONDENT

The named Respondent is Jeff Grondolsky, the Warden of FCI-Manchester.

PRIOR LITIGATION

The Court takes judicial notice that on December 24, 2002, Petitioner Raymer filed a previous §2241 habeas petition: *Larry P. Raymer v. Jose Barron*, London Civil Action No. 02-CV-679 (Hon. Karen K. Caldwell, presiding) ("the First Raymer §2241 Petition).[4] In the First Raymer §2241, the Petition also argued that the trial court had erroneously concluded that he was an armed career criminal when it sentenced him. The Petitioner strenuously asserted that one of his prior Ohio convictions should not have been considered as a prior qualifying conviction under the ACCA. In the First Raymer §2241 Petition, however, he focused on a prior Ohio state conviction for Breaking and Entering, claiming that the conviction was invalid under Ohio law.

Just as he does in the instant petition, he alleged in the First Raymer §2241 Petition that in 2002 he learned that the State of Ohio had restored his civil rights in 1986; therefore, he asserts that he was not an "armed career criminal" when the trial court sentenced him to serve 180 months. On February 28, 2003, Judge Caldwell of this Court entered a Memorandum Opinion and Order dismissing the First Raymer §2241 Petition. [*See* 6: 02-679-KKC; Record No. 7] In that opinion, the Court addressed and rejected Raymer's claim that his 1978 Ohio conviction for Breaking and Entering should not have been considered as a qualifying conviction for purposes of application of the ACCA.

---

[4]   Jose Barron was the warden of FCI-Manchester in 2002 when the First Raymer §2241 Petition was filed.

The Court cited *United States v. Cassidy*, 899 F.2d 543, 549-50 (6th Cir. 1990), for the proposition that a federal court must look to the "whole of state law" to determine whether a felon's right to possess a firearm has been restored. *Cassidy* at 545-46. The Court further concluded that in Ohio a convicted felon is still subject to the provisions of §922(g) *notwithstanding* any restoration of civil rights by the state of Ohio, citing Ohio Rev. Code §2923.13(A)(2). Therefore, after full analysis of the claims, the Court determined that even though the State of Ohio may have restored Petitioner Raymer's civil rights to him in 1986, he was still subject to the prohibition against firearm possession set forth in §922(g), and hence the enhancement provisions of §924(e). [*See* 02-679-KKC; Record No. 7, p. 18]

The Court also determined that under *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999), the Petitioner had failed to demonstrate that his remedy under 28 U.S.C. §2255 was ineffective or inadequate simply because the trial court had previously denied him relief. [*See* 02-CV-679, Record No. 7, pp. 10-16] The Court noted that Ralymer had *not* challenged the fact that he had been a felon in possession of a firearm, *only* the fact that his sentence had been enhanced under the ACCA. Given that fact, the Court concluded that: (1) Raymer had failed to present a viable claim of actual innocence, and (2) absent a claim of actual innocence, *Charles v. Chandler* afforded him no habeas relief under §2241. The Court will not reiterate that analysis, as it is fully set forth in the February 28, 2003 Memorandum Opinion and Order. [*See* 02-679-KKC; Record No. 7, pp 7-16]

On appeal, the Sixth Circuit affirmed this Court's dismissal of the First Raymer §2241 Petition. *See Raymer v. Barron*, 82 Fed. Appx. 431 (6th Cir. (Ky.) November 3, 2003) (Not selected for publication in the Federal Reporter), *cert. denied*, 540 U.S. 1207 (2004). After first

agreeing with this Court that the Petitioner had not presented a legitimate claim of actual innocence under *Charles v. Chandler*, the Sixth Circuit then addressed the Petitioner's underlying legal and factual challenge to his Ohio Breaking and Entering conviction, and its effect on his ACCA sentence enhancement:

> Moreover, Raymer's claim lacks merit. Ohio law does not automatically restore the right to possess firearms to felons. *United States v. Cassidy*, 899 F.2d 543, 549-50 (6th Cir.1990). Although Raymer points out that other circuits have disagreed with the reasoning in *Cassidy*, this court is bound by that decision absent an en banc reversal or an intervening Supreme Court decision. *Salmi v. Secretary of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985). For all of the above reasons, the dismissal of this petition is affirmed.

*Raymer v. Barron*, 82 Fed. Appx. at 432.

## DISCUSSION

### 1. Challenge to Old State Court Convictions

Having been unsuccessful in his first §2241 petition challenging the trial court's application of the ACCA, the Petitioner now attempts to challenge the validity of his two *other* state court convictions for Robbery. He continues to rely on the fact that, in 1986, the State of Ohio restored his civil rights to him. Here, although the Petitioner now takes issue with two different state court convictions upon which the ACCA enhancement was premised, the he is again rearguing the same claims regarding his felon-in-possession status and the applicability of §924(e) which he unsuccessfully raised in the first §2241 Petition. This Court has previously addressed and rejected those claims, and the Court's decision was upheld on appeal.

Nothing has changed since the Court dismissed the First Raymer §2241 Petition over three years ago. In short, the Petitioner's challenge to the Trial Court's *enhancement* of his sentence under the ACCA does not present a legitimate claim of actual innocence under *Charles*

*v. Chandler*. The law remains unchanged: relief under §2241 is not appropriate where, as here, the petitioner previously presented his claim to the trial court under 28 U.S.C. §2255 and lost. *Charles v. Chandler*, 180 F.3d at 757-58. The law of the Sixth Circuit, as discussed in *Charles*, continues to be that the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief. The Petitioner's claims relating to his ACCA enhancement, based upon the 1988 Indiana and 1980 Ohio Robbery convictions, will be dismissed with prejudice.

2. *Apprendi, Blakely,* and *Booker* Claims

The Petitioner reliance on *Apprendi*, *Blakely*, and *Booker* is also misplaced. The Sixth Circuit has long held that *Apprendi* is not retroactively applicable to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492 (6th Cir.2001) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review") ( §2255 motion); *Perkins v. Thoms*, 23 Fed. Appx. 256 (6th Cir.2001) (§2241 petition).

In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S. Ct. at 2536. However, *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's *Booker* decision established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct

appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered); *accord McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005.); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); *Swain v. United States*, 2005 WL 3065969, *5 (6th Cir.(Mich.) November 15, 2005) (Not selected for publication in the Federal Reporter) ("Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, 543 U.S. 220 . . . (2005), may be invoked on collateral review.").

Thus, *Blakely* and its progeny cannot be applied retroactively on collateral review. Accordingly, these decisions do not provide the Petitioner with grounds for relief from his conviction and sentence and his recent claims will be dismissed with prejudice. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

For the reasons outlined herein, it is hereby **ORDERED** as follows:

(1)     The §2241 petition for habeas corpus [Record No. 1] is **DENIED** and this action is **DISMISSED** with prejudice, from the docket of the Court.

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 12th day of June, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge