UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

| | | |
|---|---|---|
| LARRY P. RAYMER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-177-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JEFF GRONDOLSKY, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Larry P. Raymer, the *pro se* Petitioner-Appellant, has filed a "Motion to Appoint Counsel" [Record No. 8] in connection with his "Notice of Appeal" [Record No. 6]. A district court has the discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. §1915 (e). "The appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. . . . This generally involves the determination of the complexity of the factual and legal issues." *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (citations omitted) (quotation marks omitted). *See also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (Decision to deny appointment of counsel will be overturned only when the denial of counsel results in "'fundamental unfairness impinging on due process rights.'" (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir.1982)); *see also Hayes v. Wright*, 111 Fed.Appx. 417 - 418, 2004 WL 2203571, \*\*1-\*\*2 (6th Cir.(Tenn.)) (in prisoner action alleging Eighth Amendment medical claim, district court did not abuse its discretion in denying prisoner the appointment of counsel, citing *Lavado v. Keohane* and *Reneer v. Sewell* ).

Petitioner-Appellant Raymer has demonstrated through his filings in this proceeding that he is able to communicate his claims and legal arguments, even being astute enough to attach a June 7, 2006 bulletin entitled *Supreme Court News*. This bulletin discusses the fact that on June 5, 2006, in the case of *Burton v. Washington*, U.S. No. 05-9222, the United States Supreme Court granted certiorari in order to address the issue of whether *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), is retroactively applicable to cases on collateral review.

Accordingly, the Court concludes that neither the factual nor the legal issues warrant the appointment of counsel. The Court will deny the Petitioner-Appellant's motion for appointment of counsel.

### CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Petitioner-Appellant's "Motion for the Appointment of Counsel" [Record No. 8] is **DENIED**.

(2) The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 21st day of June, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge