UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LARRY P. RAYMER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-177-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JEFF GRONDOLSKY, WARDEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is currently pending for consideration of the pro se Plaintiff Larry P. Raymer's (hereafter, "Raymer" or "the Petitioner") motion for relief from judgment pursuant to Rule 60(b). [Record No. 20] For the reasons discussed below, the Court will deny the motion.

**I.    BACKGROUND**

On July 27,1998, Raymer pleaded guilty in the United States District Court for the Southern District of Indiana to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 180 months in prison. On appeal, Raymer raised the issue of whether a 1978 Ohio conviction for breaking and entering was sufficient to enhance his sentence under 18 U.S.C. § 924(e). The argument was rejected on appeal and the district court's judgment was affirmed. A subsequent motion under 28 U.S.C. § 2255 was also denied.

On December 24, 2002, Raymer filed a § 2241 habeas petition in this Court. See *Larry P. Raymer v. Jose Barron*, LCV 02-679 (Hon. Karen K. Caldwell, presiding).[1] Through this earlier petition, Raymer argued that the Court should not enhanced his sentence based on his prior

---

[1]    When this petition was filed, Jose Barron was the warden of FCI-Manchester.

conviction in Ohio for breaking and entering because he claimed that this prior conviction was invalid under Ohio law. Specifically, Raymer alleged that he learned in 2002 that Ohio had restored his civil rights some six years earlier. Therefore, he argued that he was not an "armed career criminal" and that the trial court had erroneously sentenced him to 180 months imprisonment.

On February 28, 2003, the Court entered a Memorandum Opinion and Order dismissing Raymer's § 2241 petition. *Larry P. Raymer v. Jose Barron*, London Civil Number 06: 02-679 [Record No. 7] The Court denied Raymer's claim that the trial court should not have considered the 1978 breaking and entering conviction in enhancing his sentence.[2] The Sixth Circuit affirmed the dismissal of the §2241 petition, rejecting Raymer's argument that the restoration of his civil rights did not disqualify him from being sentenced as an armed career criminal. *See Raymer v. Barron*, 82 Fed. Appx. 431 (6th Cir. 2003) (unpublished), *cert. denied*, 540 U.S. 1207 (2004).

On April 25, 2006, Raymer filed a second petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Larry P. Raymer v. Jeff Grondolsky*, London Civil Number 6: 06-177 (Hon. Danny C. Reeves presiding). Through this second petition, Raymer argued that the trial court violated his due process rights under the Fifth Amendment by erroneously concluding that he was an armed career offender. In particular, the Petitioner argued that under Ohio law, he should not have been convicted of being a felon in possession of a firearm based on his two prior Ohio convictions for robbery, dating back to 1980 and 1988. Again, Raymer asserted that the state of Ohio had restored his civil

---

[2] The court cited *United States v. Cassidy*, 899 F.2d 543, 549-50 (6th Cir. 1990), for the proposition that a federal court must look to the "whole of state law" in order to determine whether a felon's right to possess a firearm has been restored. *Cassidy* at 545-46. The court further concluded that in Ohio a convicted felon is still subject to the provisions of § 922(g) *notwithstanding* any restoration of civil rights by the state of Ohio. *See* Ohio Rev. Code § 2923.13(A)(2). The court determined that even though Ohio may have restored Raymer's civil rights in 1986, he was still subject to the prohibition against firearm possession set forth in § 922(g) and the enhancement provisions of § 924(e).

rights in 1986 and requested that the court expunge his criminal record regarding the two Ohio convictions. Moreover, he claimed that he was entitled to relief under *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

On June 12, 2006, this Court entered a Memorandum Opinion and Order dismissing the § 2241 petition because it lacked merit. *See Raymer v. Grondolsky*, London Civil Number 6: 06-177 [Record No. 4] Raymer appealed this decision to the Sixth Circuit Court of Appeals. On February 6, 2007, the Sixth Circuit affirmed the dismissal of Raymer's petition, noting that a prior panel of the court had previously rejected the same claim and that the decision was binding on the court.

Raymer has now filed a motion asking this Court to amend or reverse the June 12, 2006, opinion in which the court dismissed the second § 2241 petition. Raymer cites two cases in support of the current motion: *United States v. Chenowith*, 439 F.3d 635 (5th Cir. 2006), and *United States v. Zellars*, 2007 WL 1309575 (E.D.Ky. May 1, 2007). In *Chenowith,* the Fifth Circuit held that an Ohio felony conviction could not serve as a predicate offense for a prosecution for being a felon in possession of a firearm under 18 U.S.C. § 921(a)(20). More specifically, the court held that where all of a defendant's civil rights were affirmatively restored pursuant to a 1978 Final Release and Restoration Certificate from Ohio Adult Parole Authority, and the certificate did not expressly prohibit defendant's possession of firearms, he had not been convicted of a crime punishable by a term of imprisonment of more than one year within the meaning of the statute. *Chenowith* 459 F.3d at 638. The Fifth Circuit expressly rejected the approach which the Sixth Circuit took in *Cassidy* (to examine whole of state law to determine if there is a firearm restriction), and held that a court may look no further than the source of the restoration of the civil rights in order to determine

-3-

whether gun-related rights have been restricted. *Id*. at 639-40. *Chenowith* relied on a case with a similar ruling from another circuit court, *United States v. Bost*, 87 F.3d 1333, 1335 (D.C. Cir. 1996).

In *Zellars*, the defendant filed a motion seeking dismissal of the charge of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Zellars argued that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year as defined by 18 U.S.C § 921(a)(20) because his rights had been restored pursuant to O.R.C. § 2967.16 (1974).[3] After reviewing the facts and the applicable law, this Court applied the two-step analysis required by the *Cassidy* decision and denied Zellars motion to dismiss. *Zellars*, 2005 WL 1309575 at *3-7.

## II.  DISCUSSION

To obtain relief from a judgment or order under Rule 60(b), a movant must demonstrate that the order or judgment was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party. *See also Johnson v. Unknown Dellatifa*, 357 F .3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

Here, the Petitioner has not satisfied the criteria of Rule 60(b) and his motion must be denied. While Raymer continues to cite authority from other jurisdictions, the *Chenowith* and *Bost* decisions have no affect on the court's dismissal of Raymer's § 2241 petitions.  These petitions were

---

[3]  Zellars testified that he had received a certificate restoring his civil rights from the parole board of the State of Ohio. He further testified that this certificate restored all his rights but did not mention firearms on the face of the document. Zellars was unable to produce the certificate because it was destroyed in a fire in 1992. *Zellars*, 2007 WL 1309575, at *4.

dismissed for failure to state a claim upon which relief could be granted.

In the order dismissing the Raymer's first § 2241 petition, the Court explained that *Bost* is at odds with *Cassidy*, which is applicable in this circuit. The Sixth Circuit has reinforced this conclusion on November 3, 2003 (affirming the dismissal of the Raymer's first § 2241 petition) and again on February 7, 2007 (affirming the dismissal of the second § 2241 petition).

In *Chenowith*, the court discussed the varying approach of the circuits on this issue. Specifically, the court noted that:.

> [B]ecause Chenowith's civil rights were restored sufficiently, we next determine whether [he] was nevertheless expressly deprived of the right to possess a firearm by some provision of the restoration law or procedure of the state of the underlying conviction. *Circuit courts are divided regarding whether, for this second inquiry, we look only to the certificate of restoration to decide if it expressly limits Chenowith's rights with regard to firearms, or whether we look to all of Ohio statutory law to decide if any statute prohibits convicted felons from possessing firearms. See Bost, 87 F.3d at 1335 (stating the Seventh, Ninth, and this circuit adhere to the former approach; the Fourth, Sixth, and Tenth, the latter).* Along this line, Ohio law provides: [N]o person shall knowingly acquire, have, carry, or use any firearm while under disability, including having previously been convicted of any felony offense of violence. Ohio Rev. Code Ann. § 2923.13.

*Chenowith*, 459 F.3d at 638 (emphasis added).

Unlike the Fifth Circuit which allows a court to look no further that the certificate which restores civil rights, the Sixth Circuit has established that the court must look to the "whole of state law," not merely at a Restoration of Rights Certificate, to determine whether a felon's right to possess firearms has been restored. *United States v. Cassidy*, 899 F.2d at 545-46; *see also United States v. McLean*, 904 F.2d 216, 218 (4th Cir. 1990) (rejecting reliance on language of restoration certificate and following *Cassidy*); *United States v. Burns*, 934 F.2d 1157, 1160-61 (10th Cir. 1991) (looking to "whole of state law" to find firearms restrictions).

Under Ohio law, a felon's right or privilege to possess firearms following a felony conviction

-5-

is restricted. More specifically, the person retains the status of a convicted felon and is subject to prosecution under § 922(g), notwithstanding any restoration of civil rights by the state of Ohio. *See* Ohio Rev. Code § 2923.13(A)(2).[4] Therefore, even though Raymer had several of his civil rights restored in 1986, he was nevertheless restricted by Ohio Rev. Code § 2923.13(A)(2), which prohibited him, *as a convicted felon*, from possessing a firearm. The Fifth Circuit's decision in *Chenowith* and the D.C. Circuit's decision in *Bost* are contradictory to *Cassidy.* They are not controlling in this circuit and this Court is bound to apply the rule enunciated in *Cassidy*. *See United States v. Scarberry*, 215 F.3d 1328, 2000 WL 712381,*3 ("we are bound to follow *Cassidy* absent a change in the state substantive law, an *en banc* reversal of the decision of this court, or an intervening Supreme Court decision.") .

Finally, the *Zellars* decision does not assist Raymer. *Zellars* simply utilized the two-part test required by *Cassidy*.[5] Additionally, the facts in *Zellars* are distinguishable from Raymer's facts.

---

[4] That statute provides as follows:

(A) Unless relieved from disability as provided in section 2923.14 of the [Ohio] revised code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply;

. . .

(2) Such person is under indictment for *or has been convicted of any felony offense of violence,* or has been adjudicated a juvenile delinquent for commission of any such felony;

Ohio Rev. Code § 2923.13 (emphasis added).

[5] The Court explained as follows:

As discussed previously, the Adult Parole Authority's authority to enter a final release and restore a convicted felon's civil rights is discretionary, not automatic like the restoration of the right to vote under O.R.C. 2961.01. *See Bost*, 87 F.3d 1333. Here, the parties have been unable to produce any documentation that conclusively shows whether Zellars' rights have been restored. . . . Because O.R.C § 2961.01 operates automatically to restore a convicted felon's right to vote, it is clear that Zellars' right to vote has been restored. See O.R.C. §

Due to the age of the Zellar's conviction (thirty years prior), the court was unable to determine whether Zellar's prior conviction qualified as a "felony offense of violence" under Ohio law, O.R.C. § 2907.10. The Court noted that the 1973 statute had since been repealed. Ultimately, the court denied Zellars' pre-trial motion to dismiss the relevant count of the indictment. The Court also determined that, given the specific facts of Zellars' case, the government would be required to prove beyond a reasonable doubt that Zellars was previously convicted of a crime punishable by imprisonment for a term exceeding one year. *Id*.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Raymer's motion for relief from judgment pursuant to Rule 60(b) [Record No. 20] is **DENIED**.

This 15th day of February, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

2961.01. *However, the restoration of that right, by itself, is insufficient to be considered a restoration of rights under 921(a)(20). See Cassidy*, 899 F.2d at 549 (noting that an effective "restoration of civil rights" under § 921(a)(20) requires "a restoration of more than a de minimus quantity of civil rights").

*Zellars*, 2007 WL 1309575, at *5 (emphasis added).